# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

RECEIVED

JAN 23 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

JOANNA MERCADO,

Plaintiff,

v.

FRANCES R. RABIAS,

individually,

Defendant.

Civil Action No. _____

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## (42 U.S.C. § 1983)

(Jury Trial Demanded)

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff seeks redress for the deprivation of rights secured by the Constitution.

3.Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to the claims occurred in New Jersey and directly affected Plaintiff's property and liberty interests located within this District.

## II. PARTIES

4.Plaintiff Joanna Mercado is a natural Living woman and resident of the State of New Jersey.

5.Defendant Frances R. Rabias is an attorney licensed in the State of New York who, at all relevant times, acted and held herself out as an officer of the court while engaging in conduct affecting New Jersey legal matters and New Jersey property interests.

## III. FACTUAL ALLEGATIONS

### A. Defendant's Acknowledged Conflict and Legal Involvement (Exhibit A)

6.On or about July 11, 2019, Defendant sent a detailed written communication to Plaintiff and an adverse party concerning a New Jersey marital separation (attached as **Exhibit A**).

7.In that communication, Defendant provided substantive legal guidance, including:

-analysis of separation and financial terms,

-discussion of escrow arrangements,

-explanations of New Jersey divorce law, including "divorce from bed and board,"

-advice regarding self-representation in New Jersey courts,

-commentary on enforceability of proposed legal arrangements.

8.In the same communication, Defendant expressly acknowledged a conflict of interest, stating that she could not represent both parties absent a written conflict waiver.

9.No conflict waiver was ever executed.

10.Defendant was never retained by Plaintiff.

11.Despite acknowledging the conflict and lack of retention, Defendant nonetheless injected herself into Plaintiff's legal affairs and influenced Plaintiff's understanding of her rights and options by virtue of Defendant's status as an attorney.

## B. Plaintiff's Unrepresented Status and Vulnerability

12.At all relevant times following Defendant's initial involvement, Plaintiff:

-was unrepresented by legal counsel,

-lacked legal sophistication,

-was emotionally distressed due to ongoing family and property disputes,

-reasonably relied on Defendant's statements because Defendant was an attorney and officer of the court.

13.Defendant knew or should have known Plaintiff was unrepresented and vulnerable.

## C. Defendant's Coercive Re-Engagement and Threat of Litigation

(**Exhibits B and C**)

14.In October 2021, Defendant re-initiated contact with Plaintiff concerning a New Jersey property dispute.

15.At that time, Defendant:

-was not retained by Plaintiff,

-was not counsel of record for any party,

-had no legal authority to act on Plaintiff's behalf,

-was socially aligned with adverse parties,

-was fully aware of her prior conflict.

16.On October 5 and October 6, 2021, Defendant contacted Plaintiff and stated words to the effect of:

-"I am trying to avoid starting an action," and

-"I am trying to avoid litigation"

(attached as **Exhibit B**).

17.Defendant also left a voicemail on October 5, 2021, identifying herself as an attorney and stating she was calling "for Rianna," requesting a return call (attached as **Exhibit C**).

18.These communications were made without lawful authority, standing, or representation.

19.By invoking litigation and the initiation of legal action, Defendant:

-implied the power to initiate or prevent court proceedings,

-leveraged her status as an attorney,

-exerted coercive pressure on an unrepresented individual.

20.Plaintiff reasonably perceived Defendant's communications as legal threats.

## D. Causal Connection to Loss of Property Rights

21.Defendant's intimidation and misuse of legal authority caused Plaintiff to refrain from retaining counsel and from asserting her legal rights at a critical time.

22.During the period following Defendant's coercive communications, Plaintiff's property rights were materially impaired, including the recording of a deed that conveyed ownership interests without Plaintiff's informed consent.

23.The loss of Plaintiff's property interest occurred after

Defendant's intimidation and was a foreseeable consequence of Defendant's interference with Plaintiff's ability to obtain counsel and protect her rights.

24.Plaintiff continues to suffer ongoing legal, financial, and property-related harm as a direct result of Defendant's conduct.

## E. Misuse of State-Conferred Authority

25.Defendant's conduct was not private speech.

26.Defendant invoked and misused authority derived from her position as an attorney and officer of the court, including the implicit power of the judicial system, to influence Plaintiff's conduct outside any lawful proceeding.

27.Defendant's actions constituted an abuse of state-conferred authority sufficient to satisfy the "under color of law" requirement of 42 U.S.C. § 1983.

# IV. CONSTITUTIONAL DEPRIVATIONS

## A. Deprivation of Procedural Due Process

(Fifth and Fourteenth Amendments)

28.Plaintiff possessed constitutionally protected liberty and property interests, including the right to obtain counsel and the right to protect her property from deprivation without due process of law.

29.Defendant interfered with these interests by intimidation and false implication of legal authority, without notice, hearing, jurisdiction, or lawful process.

## B. Deprivation of Substantive Due Process

30.Defendant's conduct was arbitrary, abusive, and conscience-shocking.

31.Defendant's actions served no legitimate governmental or legal purpose.

## C. Denial of Access to the Courts

32.Defendant's misuse of legal authority chilled Plaintiff's ability to:

-seek legal counsel,

-assert defenses,

-pursue judicial relief.

These actions directly violated New Jersey RPC Violations and Rules of professional conduct. **RPC 1.7**- conflict of interest, **RPC 4.3**- Dealing with Unrepresented Persons, **RPC 5.5(a)**- Unauthorized Practice of Law, **RPC 8.4(c)**- Misrepresentation, RPC **8.4(d)**- Conduct Prejudicial to the Administration of Justice. Likewise, these actions constituted New York Professional Rule Violations under, but not limited to: **Rule 1.7**- Conflicts, **Rule 4.3**- unrepresented person, **Rule 8.4(c)&(d)**- misrepresentation

and prejudicial conduct, **Rule 5.5**- Unauthorized practice / cross-jurisdiction violations.

33. Interference with access to the courts constitutes an independent constitutional violation.

## V.  CAUSE OF ACTION

**(42 U.S.C. § 1983 — Deprivation of Rights Under Color of Law)**

34. Plaintiff incorporates all preceding paragraphs.

35. Defendant acted under color of state law by invoking and abusing authority derived from her status as an attorney and officer of the court.

36. Defendant's conduct directly and proximately caused:

-loss of Plaintiff's property rights,

-inability to retain counsel,

-litigation costs and continuing financial harm,

-ongoing deprivation of constitutional protections.

37. Defendant is liable to Plaintiff under 42 U.S.C. § 1983.

## VI.  DAMAGES

38. As a direct and foreseeable result of Defendant's

intimidation, misuse of professional authority, and interference with Plaintiff's ability to retain counsel and freely assert her rights, Plaintiff has suffered concrete and continuing injuries, including but not limited to:

a. Loss and impairment of property interests occurring after Defendant's coercive communications and misuse of legal authority;

b. Significant financial losses, including substantial litigation costs incurred in defending and correcting unlawful attempts to interfere with Plaintiff's home and property rights;

c. Prolonged and repeated litigation in the Superior Court of New Jersey arising from the same course of conduct, including but not limited to:

(i) Monmouth County Family Part proceedings under **Docket No. FM-13-752-20,** initiated in or about 2020 and continuing through the present;   and

(ii) Ocean County Chancery Division proceedings under **Docket No. OCN-000192-21,** involving multiple filings and ongoing litigation affecting Plaintiff's property interests;

d. Loss of time, income, and personal resources caused by the necessity of responding to serial, duplicative, and coercive filings designed to exhaust Plaintiff and impair her ability to maintain secure possession of her home;

e. Ongoing legal injury, emotional distress, and uncertainty

continuing through the present date.

Plaintiff will establish the scope, duration, and causation of these damages through court dockets, filings, orders, and related evidence arising from the above-referenced proceedings.

39. Plaintiff seeks:

-compensatory damages,

-punitive damages for willful and reckless misconduct,

-costs and fees pursuant to 42 U.S.C. § 1988,

-declaratory relief.

## VII. JURY DEMAND

40. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Award compensatory and punitive damages;

C. Declare Defendant's conduct unconstitutional;

D. Award costs and lawful fees;

E. Grant such further relief as the Court deems just.

Respectfully Submitted,

By: Joanna Mercado

Joanna Mercado

Date: 1/21/2026

Plaintiff, Pro Se

1101 Fern Court

Jackson, NJ 08527